UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PETER GAKUBA,

                        Petitioner,

        - against -

NEW YORK (as agent for Illinois),

                        Respondent.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-1123 (PKC)

PAMELA K. CHEN, United States District Judge:

Petitioner Peter Gakuba, who provides a mailing address in Baltimore, Maryland,[1] filed the instant *pro se* petition pursuant to 28 U.S.C. § 2254, challenging his Illinois state court convictions for three counts of aggravated sexual abuse. (Dkt. 1 at ECF 1.[2]) Petitioner now states that he works for a law firm in Staten Island and, as a result of his Illinois conviction, has registered as a sex offender in New York, and is thus "in custody" in New York. (Dkt. 1 at ECF 16.) Mr. Gakuba previously challenged his underlying Illinois convictions through a § 2254 petition in the Northern District of Illinois, which denied his petition. *Gakuba v. Brannon*, No. 17-CV-50337, 2018 WL 10127255, at *1 (N.D. Ill. Oct. 24, 2018). A prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), who wishes to file a "second or successive" *habeas corpus* application challenging that custody, *id.* § 2244(b)(1), must "move in the appropriate court of appeals for an order authorizing the district court to consider the application," *id.* § 2244(b)(3)(A).

---

[1] Although he lists his address as being in "Baltimore, NY," the zip code that he provided corresponds to Baltimore, Maryland.

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

Along with his petition, Mr. Gakuba has submitted a memorandum of law arguing that venue is proper in this district and that his petition should not be deemed a successive petition. (Dkt 1 at ECF 32–60.) Mr. Gakuba made substantially identical arguments in another § 2254 petition that he filed in the Southern District of New York, which the Honorable Laura Taylor Swain, U.S.D.J., dismissed ten days ago. *Gakuba v. Warden,* No. 22-CV-1039, 2022 WL 561669, at *1 (S.D.N.Y. Feb. 22, 2022). Judge Swain concluded that Mr. Gakuba's petition was, in fact, a successive petition, and thus, without authorization from a court of appeals, the court did not have jurisdiction over the matter. *Id.* at *4–5. Accordingly, Judge Swain dismissed the petition without prejudice for want of jurisdiction. *Id.* at *5.

This Court sees no justification for deviating from Judge Swain's well-reasoned opinion. Substantially for the reasons explained in Judge Swain's opinion, this Court finds that Mr. Gakuba's petition is a successive petition, and that this Court does not have jurisdiction over his uncertified successive § 2254 petition. Accordingly, this petition is dismissed without prejudice for lack of jurisdiction because Petitioner has not obtained authorization, under 28 U.S.C. § 2244(b)(3)(A), from a court of appeals.[3] The Clerk of Court is directed to enter judgment and close this case.

---

[3] "Because the Court concludes that this is a successive petition over which it lacks jurisdiction," this Court, like Judge Swain, "does not reach Petitioner's argument that venue for a section 2254 petition challenging his Illinois conviction also lies in this Court because he is 'in custody' in New York." *Gakuba*, 2022 WL 561669, at *1 n.3. This Court takes no position on whether, as a parolee required to register as a sex offender, Mr. Gakuba is "in custody" for purposes of § 2254, or whether Mr. Gakuba may challenge his Illinois state court conviction in a federal court sitting in New York. The Court notes that the "background rule" in *habeas* proceedings challenging state court convictions is that "jurisdiction lies in only one district: the district of confinement," *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004), which, if Mr. Gakuba were, in fact, "in custody" in New York, would make this district the only district with jurisdiction over his petition. The exception to that background rule, however, grants jurisdiction to the district where the petitioner was convicted, in addition to the district where the petitioner is confined, which emphasizes the importance of challenging a conviction in the place where the conviction occurred.

The Court does not address Petitioner's motion for leave to proceed *in forma pauperis* in this case, but certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: March 3, 2022
      Brooklyn, New York

---

*See* 28 U.S.C. § 2241(d); *Rumsfeld*, 542 U.S. at 443.  Mr. Gakuba's petition, which names as Respondent "The Attorney General of the State of New York (as agent for Illinois)," highlights why it might be problematic for a petitioner to be able to challenge a state court conviction in a federal court located in a different state.  But the statute and case law authorizing the exception to the "background rule" contemplate the two districts being in the same state.  28 U.S.C. § 2241(d); *Rumsfeld*, 542 U.S. at 443.  It is thus unclear if this Court would be authorized to transfer this petition to either the Northern District of Illinois or the Seventh Circuit.  That conclusion is counter-intuitive given that the justifications for making the district of conviction—as well as the district of confinement—an appropriate venue are particularly persuasive in the context of this case.  That peculiarity is, in turn, a product of the fact that the statute and case law that makes two different districts appropriate venues for *habeas* petitions contemplates only people who are *physically incarcerated* pursuant to a state court conviction, rather than people who are subject to post-release supervision that allows them to reside in a different state.  *See* 28 U.S.C. § 2241(d); *Rumsfeld*, 542 U.S. at 443.

3